UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
DENNIS DANIEL,

           Plaintiff,

-against-

Sergeant J. Conforti,
IGP-Supervisor L. Stanaway,
CO John "Wesley" Doe,
CO J. Grasso,
CO W. Freeman,
CO Womacsko,
CO J. Cunliffe,
CO. K. Chase,
CO C. Richardson,
CO C. Lampon,
individually and in their
official capacity,

           Defendants.
----------------------------------X

Second Amended Complaint

Under the Civil Rights Act,
42 U.S.C. § 1983

16-CV-248(LAP)

Jury Trial: Yes

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-16-16

## I. PARTIES IN THIS COMPLAINT

1. Plaintiff, Dennis Daniel, pro se, is currently and was at all times mentioned herein a prisoner in the custody of the New York State Department of Correctional and Community Supervision (NYS-DOCCS), at Green Haven Correctional Facility (Green Haven), P.O. Box 4000, Stormville, New York 12582-4000.

2. Defendant J. Conforti is a DOCCS officer with the rank of sergeant, who at all times relevant hereto was assigned to Green Haven.

3. Defendant L. Stanaway is a DOCCS Inmate Grievance Program Supervisor, who at all times relevant hereto was assigned to Green Haven.

4. Defendant John "Wesley" Doe is a DOCCS officer, who at all times relevant hereto was assigned to green Haven.

5. Defendant J. Grasso is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

6. Defendant W. Freeman is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

7. Defendant Womacsko is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

8. Defendant J. Cunliffe is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

9. Defendant K. Chase is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

10. Defendant C. Richardson is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

11. Defendant C. Lampon is a DOCCS officer, who at all times relevant hereto was assigned to Green Haven.

12. Each defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## II. FACTS

13. At all times relevant to this case, plaintiff was in the custody of the NYS-DOCCS at Green Haven.

14. Plaintiff was headed from E-Block to the messhall for lunch when CO J. Cunliffe singled him out from among a group of about forty inmates in the corridor who were allegedly too loud then left him locked on a housing-unit without being fed or access to a toilet and drinking water, and also prohibiting him from taking his prescription medication.

15. Plaintiff was dismissed when he addressed an area sergeant about CO Cunliffe's misconduct then filed a complaint with the Inmate Grievance Program (IGP) that was logged on 6/5/13.

16. Plaintiff was subsequently denied recreation by CO Cunliffe on 9/30/13, breakfast on 10/5/13, delayed to his visit almost 40-minutes on 10/28/13, and got his cell ransacked on 11/28/13. Plaintiff addressed an area sergeant about CO Cunliffe's retaliation and was advised to stop writing grievances.

17. During the same period, CO Cunliffe spitefully opened plaintiff's cell with early morning medication runs and would then yell direct orders down the company: "Daniels lock your gate!" On 10/15/13, 11/17/13, and 11/27/13 plaintiff reminded CO Cunliffe that his medications get delivered, and on 11/30/13 CO Cunliffe responded: "I don't give a fuck!"

18. On 10/28/13, the date of plaintiff's delayed visit he also began having problems with the package-room officers and sergeant Conforti. Plaintiff's visit package with perishables was withheld until 10/29/13, and on 10/31/13 he was called back again to mail home an item from the same package.

19. Two week went by and plaintiff's package of 10/31/13 was not returned. He then filed a complaint requesting proof of postage. Sergeant J. Conforti admitted that the package item was lost and told plaintiff that his grievances won't help that he should try filing a claim. Plaintiff has since paid over $20.00 after visits on 5/17/15 and 7/18/15 alone to return items that should not have been accepted from his visitors if they are not allowed.

20. Plaintiff constantly got pointed out to new recruits by the steady officers and area supervisors who uses them to indirectly retaliate against him for writing grievances, and in a show of loyalty the trainees would become a party to denying plaintiff's basic entitlements like meals, showers, and phone calls.

21. On 12/18/13 plaintiff was moved from E-Block to A-Block where on two separate occasions he was called by area sergeants to the A-Block lobby and chastised or threatened about writing grievances in the presence of block officers.

22. On 2/4/14 plaintiff was deliberately denied law library by steady A-Block officers CO K. Chase and CO John "Wesley" Doe, because of an unsupervised trainee's error, and because the area supervisors had given them a green-light to harass plaintiff. A grievance was submitted about the COs abusive conduct.

23. On 2/25/14 plaintiff was scheduled for another law library appointment but was instead sent on a nonexistent "mandatory medical" run by steady COs J. Grasso, C. Lampon, and John "Wesley" Doe. Plaintiff again missed his library appointment and filed a grievance.

24. Then on 9/26/14 CO C. Richardson, another steady A-Block officer, had another inmate deliver plaintiff's legal-mail--that arrived on 9/25/14. Plaintiff wrote a grievance.

25. On 12/2/14 CO C. Richardson opened plaintiff's legal-mail in his absence and when a supervisor was requested to acknowledge that the legal mail was opened the mail ended up getting lost.

26. CO Womacsko was a trainee in A-Block who denied plaintiff of his breakfast on 6/7/15 to fit-in with the steady officers and plaintiff wrote a grievance because the pattern is too common.

27. Then on 11/1/15 during recreation CO Womacsko and CO W. Freeman--a known member of the abusive Green Haven gang, grabbed plaintiff's handballs during the progression of a game and tossed them over a nearby wall. No corrections officer could reasonably believe such action his job description.

28. On 7/3/13 plaintiff submitted that CORC"s IGP decisions requiring corrective actions are not implemented at the prison.
29. On 12/31/14 that the IGP under L. Stanaway's supervision is not providing plaintiff an orderly, fair, simple and expeditious method for resolving grievances pursuant to Correction law.
30. On 6/30/15 plaintiff submitted that the titles and codes given to complaints by the IGP Supervisor misrepresent his issues and misdirect the investigations of complaints.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. Plaintiff used the facility's "Inmate Grievance Program" and has fully exhausted the issues mentioned herein as required by the Prison Litigation Reform Act, 42 U.S.C. Section 1997e(a).

### IV. LEGAL CLAIMS

32. Plaintiff reallege and incorporate by reference paragraps 1 through 31.
33. The defendants' actions, as set forth herein when plaintiff was not violating any prison rules, violated his rights under the First Amendment to the United States Constitution.
34. Plaintiff believes that the grievances he filed in response to the defendants acts and omissions is protected conduct under the First Amendment, and that the defendants retaliation against plaintiff for exercise of his rights to seek redress from the prison through the IGP system violates plaintiff's Constitutional rights, causing barriers to his rehabilitation success.
35. A First Amendment claim entitles a plaintiff to judicial relief wholly aside from any injury he can show, or any mental or emotional injury he may have incurred.

36. Therefore, § 1997e(e) of the PLRA does not apply to First Amendment claims regardless of the form of relief sought.

37. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparable injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

V. RELIEF

38. WHEREFORE, plaintiff respectfully prays that this court enter judgment:

39. Granting plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

40. A preliminary and permanent injunction ordering the defendants reallege and incorporate by reference paragraphs 1through 31 to cease the retaliation towards plaintiff, and

41. Granting plaintiff compensatory damages in the amount of $25.000 against each defendant, and

42. Granting plaintiff punitive damages in the amount of $586.000 against all defendants collectively, and

43. Plaintiff also seeks recovery of the cost in this suit, and

44. Any additional relief this court deems just, proper, and equitable.

45. Plaintiff has no previous lawsuit, state nor federal.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __10__ day of August, 2016,

*[signature]*

Dennis Daniel, DIN#: 01A0688

Green Haven Correctional Facility

P.O. Box 4000

Stormville, New York 12582-4000

I declare under penalty of perjury that on the  10  day of August 2016, I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for Southern District of New York.

*[signature]*

Dennis Daniel, Plaintiff

July 25, 2016

Clerk of the Court
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

RE: 16-CV-248(LAP)

Dear Clerk of Court:

On July 25, 2016, plaintiff received the court's notice granting leave to file an amended complaint within thirty days of the Judge's order dated: July 12, 2016.

Plaintiff has submitted by FOIL request for a copy of the "Legal Mail Log" that he intends to submit with his amended complaint, and beseeches the court to grant him an additional fourteen days to comply with the court's order.

Thank you very much for your time and assistance.

Sincerely,

Dennis Daniel, 01A0688 (Plaintiff)
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Please void - See attached
8-10-16



**NEW YORK STATE | Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: Daniels   01A0688   A3-329

From: FOIL Office

Date: 8/5/2016

Subj: FOIL Request # 818-16

This will acknowledge receipt of your FOIL request dated 7/25/2016. Your request is being reviewed for responsive records.

Disbursement rec'd? **yes**

**Please reference the above number in all correspondence.**

You have the right to appeal in writing to the Office of Counsel, New York State Department of Correctional Services, State Office Campus Building #2, 1220 Washington Avenue, Albany, New York, 12226-2050.

August 10, 2016

Pro Se Office
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
800 Pearl Street, Room 230
New York, New York 10007

Dear Clerk of Court:

    Please find enclosed for filing, and original and two copies of plaintiff's "Second Amended Complaint" under the Civil Rights Act, 42 U.S.C. § 1983, as ordered by Loretta A. Preska, Chief United States District Judge (16-CV-248 (LAP)).

    Thank you very much for your time and assistance.

                                          Sincerely

                                          Dennis Daniel, DIN#: 01A0688
                                          Green Haven Correctional Facility
                                          P.O. Box 4000
                                          Stormville, New York 12582-4000

Dennis Daniel 01AD688
Green Haven Correctional Facility
P.O. Box 4000
Stormville, N.Y. 12582

RECEIVED
SDNY PRO SE OFFICE
2016 AUG 15 AM 10:03

GREEN HAVEN CORRECTIONAL FACILITY

08/11/2016
NEOPOST
US POSTAGE $001
USM P3 SDNY

Pro Se Office
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United States Courthouse
U.S. Courthouse - 500 Pearl Street
New York, N.Y. 10007